## THE PEOPLE *v.* SALINAS.

### APPEAL from the District Court of Guayama.

No. 26.—Decided November 9, 1905.

INFORMATION—PRESENTATION—DISMISSAL.—In order that the provisions of section 448 of the Code of Criminal Procedure may be applicable, it is necessary that from the time of the arrest of the defendant to the filing of the information sixty days shall have expired without any sufficient reason therefor.

EVIDENCE—IMPERTINENT QUESTIONS—HEARSAY EVIDENCE.—It is not error for a court to exclude as impertinent a question propounded by counsel for the defense to a witness inquiring if he knew whether the defendant had ever

been prosecuted before, as well as other questions which by reason of the fact that they do not relate to the matters coming within the personal knowledge of the witness are hearsay evidence.

ID.—PRELIMINARY HEARING BEFORE FISCAL.—The preliminary hearing before the *fiscal* prior to the filing of the information, has no object other than to acquire sufficient knowledge of the facts upon which to prepare and base the information, and the statements made before him by the witnesses cannot be introduced in evidence, except in very special cases.

INSTRUCTIONS BY THE COURT—DISCRETION OF THE COURT WITH RESPECT TO THE ARGUMENTS OF COUNSEL.—It is a function of the court to instruct the jury upon the law necessary for its information, and the parties may avail themselves of their legal remedies when such instructions are contrary to law; and this being so it is not error for the court, nor is it a curtailment of the rights of the defense, to prevent counsel from reading to the jury cases decided by other courts, and to explain the scope of such decisions.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE HERNANDEZ delivered the opinion of the court.

This is an appeal taken by Angel Maria Salinas from a judgment of the District Court of Guayama, sentencing him, after a trial by jury held on March 25th last, as guilty of murder in the first degree with extenuating circumstances, to life imprisonment in the departmental penitentiary of this Island.

The information upon which the trial was held reads as follows:

"In the name and by the authority of The People of Porto Rico. United States of America, *ss:* The President of the United States. The People of Porto Rico against Angel María Salinas. In the District Court of Guayama, February 7, 1905.—Angel María Salinas is accused by information filed by the *fiscal* of the crime of murder in the first degree, defined by section 201 of the Penal Code, committed as follows: In the *barrio* of Yaurel of Arroyo of this jurisdiction and judicial district, on January 24, 1905, Angel María Salinas, deliberately and with premeditation and malice, lay in wait for and attacked his wife, Gumersinda Amaro, with a knife, stabbing her in the back three times, penetrating her lungs and causing her instantaneous death. This act is contrary to the law in such case made and provided, and against the peace and dignity of The People of Porto

Rico.—Ramon Nadal, *fiscal* of the district.   Sworn to and signed before me this 17th day of February, 1905.—Francisco Morales, clerk of the District Court of Guayama.''

The defendant pleaded not guilty, and a jury trial being held the evidence submitted by both sides was heard, and after the oral arguments and after the court had charged the jury upon the matters of law applicable to the case, the jury returned a verdict of guilty against Angel Maria Salinas of murder in the first degree, with extenuating circumstances, and no cause why judgment should not be pronounced having been shown, it was pronounced as above stated.

During the course of the trial counsel for the defendant took a number of exceptions which were embodied in a bill of exceptions which was settled by the judge and which read as follows:

''*The People of Porto Rico* v. *Angel María Salinas.*—Be it known: That on the 23d day of March of the current year, 1905, the trial of the defendant on the charge of murder in the first degree was held before a jury and the judge of this court, Hon. Charles E. Foote, and during the course of the trial Attorney Jose A. Poventud took exception to the following:

''1. Before the beginning of the trial and after the the arraignment, counsel for the defendant made an oral motion to the court for the peremptory acquittal of the defendant, basing his motion on the provisions of section 70 of the Code of Criminal Procedure in force, on the ground that said information had been presented by the *fiscal* on February 17, 1905, the arrest of the defendant taking place in Ponce on said charge on January 26th of the same year, and his commitment to the jail of Guayama on January 27th of said year. The court overruled the motion and counsel for the defendant took an exception to the ruling.

''2. When Juan Amaro, a witness for the prosecution, was giving his testimony, counsel asked him whether he knew if the defendant had ever been prosecuted, to which question the *fiscal* objected. The court held this question to be irrelevant, and counsel for the defendant took an exception to this ruling.

''3. Following the line of the testimony of the witnesses, when

Juan Martínez, an employe of a hardware store testified with regard to a knife, the *fiscal* asked 'To whom did the witness sell the knife?' Counsel objected to this question, which was allowed by the court.

"4. Counsel for the defendant asked Lieutenant Guanil the following question: 'Was it after the defendant, Angel Maria Salinas, was in the police barracks that he was told something relating to his wife?' The witness replied to this question that he was talking to the defendant when Captain Silen arrived and asked him why he had killed his wife. The *fiscal* objected to this statement. The court sustained his objection and counsel for the accused took an exception to this ruling.

"Counsel for the defense made the following oral motion: 'I pray the court to direct the *fiscal* to produce certain affidavits taken by him in the preliminary proceedings in this cause.' The court denied this motion. Counsel for the defense took an exception.

"When about to conclude his argument, counsel for the defendant attempted to read to the court and the gentlemen of the jury two cases which occurred in a Mississippi court and to explain the decisions in said cases. The court objected to the reading thereof, and counsel took an exception to said ruling.

"And in the name of my colleague, Poventud, I pray the honorable court that upon the presentation of this bill of exceptions taken from a copy thereof, certified by the stenographer of this court, the court settle and sign it in order that it may be attached to the record for use in the appeal from this judgment.—Guayama, P. R., April 3, 1905. Dominguez, counsel for Angel Maria Salinas.'

"I, Charles E. Foote, hereby certify that the questions, rulings and exceptions taken and set forth in the bill of exceptions, were those actually put, made and noted, and I therefore approve this bill of exceptions.—Guayama, April 6, 1905. Charles E. Foote, judge, District Court of Guayama."

Although Salinas has not appeared in this Supreme Court to sustain these exceptions, we shall examine them for the purpose of ascertaining their legal efficiency in the decision of this appeal.

Six exceptions were taken according to the transcript of the bill.

The first exception must be overruled, because although it appears that the information was presented by the *fiscal* on

February 17th of the current year, there is no proof of the allegation that the arrest was made on the 26th of the preceding month, and even assuming that the information had not been presented to the court within the twenty days next after his imprisonment, as prescribed by section 70 of the Code of Criminal Procedure, section 448 of said Code would not apply from any point of view, as it requires the lapse of sixty days between the arrest of the defendant and the filing of the information to authorize the dismissal of the prosecution.

With regard to the second, third, and fourth exceptions, the District Court of Guayama acted in accordance with the law in excluding as irrelevant the question put by the defense to witness Juan Amaro, in allowing as pertinent that put by the *fiscal* to witness Juan Martinez, and in not admitting the statements of Lieutenant Guanil, because the first question as put had no bearing on the final result of the trial, the second tended to establish the guilt or innocence of the defendant, and the statements of Lieutenant Guanil, being hearsay, could not be admitted in evidence.

Neither is the fifth exception good, because counsel for the defense could not demand, in the manner stated, that the affidavits which might have served as a basis for the information should be brought into court.

Witnesses might testify at the trial, and statements made by them outside thereof can be used in special cases only, the only purpose and end of the preliminary investigation by the *fiscal* being to prepare and formulate his information.

Finally, as the judge of law has charge of the conduct of the trial, it is within his discretion to prevent excessive prolongation of the arguments of counsel for the parties, and it cannot be alleged that the Guayama judge curtailed the rights of the defense in preventing his counsel from reading to the court and the jury cases which had occurred in a Mississippi court and explaining the judgments rendered therein. It is a function of the court and not of counsel to instruct the jury

upon all matters of law necessary for their information, according to section 266 of the Code of Criminal Procedure, and even after their retirement for deliberation, if they should require further instructions, such instructions shall be given them by said judge of law, according to section 275 of said Code, and a party prejudiced may avail himself of the remedies he may have in the event of such instructions being contrary to law.

Nor do we find that the defendant has been deprived of any material right whatsoever.

We hold, therefore, that the judgment appealed from conforms to the law and should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary, and Wolf concurred.